UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>  Plaintiff, | Case No. 1:21-cv-155 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| TERESA HILL, et. al,<br>  Defendants. | ORDER AND REPORT<br>AND RECOMMENDATION |

  Plaintiff, a prisoner at the Toledo Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

  In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

Case: 1:21-cv-00155-MWM-SKB Doc #: 6 Filed: 04/26/21 Page: 2 of 7 PAGEID #: 74

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In *Johnson v. Barney*, Case No. 1:21-cv-141 (S.D. Ohio Mar. 1, 2021) (McFarland, J.; Litkovitz, M.J.), plaintiff alleged that on March 13, 2019, while at the Southern Ohio Correctional Facility, plaintiff was subjected to excessive force by Sgt. Barney, Sgt. Joseph, and Officer Spriggs. The factual allegations in the instant complaint pick up after the attack alleged in Case No. 1:21-cv-141. Plaintiff claims that he was escorted to the infirmary by defendant officer J. Neff and officer G. Fri. (Doc. 1-1, Complaint at PageID 25). According to plaintiff, he was taken to a room in the infirmary and attacked again by Neff and Fri. He further alleges that defendant Nurse Hill and several other medical staff members watched the attack and failed to take any action to protect him. Specifically, plaintiff includes allegations against three staff members, which are listed as John and Jane Doe defendants: a white male nurse with blonde hair, a white female nurse with red hair, and a white older male doctor. (*See id.* at PageID 25, 27). In addition to watching the incident, plaintiff claims that the John Doe doctor defendant laughed at the fact that plaintiff's left ear was cut as a result of the attack and would require stitches.[1] (*Id.* at PageID 27).

Plaintiff seeks declaratory relief as well as monetary damages. (Doc. 1-1, Complaint at PageID 26).

---

[1] Plaintiff does not name G. Fri or other staff members in the infirmary as a defendants to this action. However, the undersigned notes that plaintiff has filed a separate complaint concerning the same incident against G. Fri and others in *Johnson v. Little,* Case No. 1:21-cv-171 (S.D. Ohio Mar. 11, 2021) (McFarland, J.; Litkovitz, M.J.).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his excessive force claim against defendant J. Neff and his failure to protect claims against defendants Teresa Hill and the three John and Jane Doe defendants. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

In claim five of the complaint, plaintiff alleges that defendant Jane Doe[2] failed to take corrective action after being notified through the grievance process and reviewing the video footage of the March 13, 2019 incidents. (Doc. 1-1, Complaint at PageID 29). However, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this also cannot give rise to a § 1983 claim for the same reasons. *See Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1; *Shehee v. Luttrell*, 199 F.3d at 300. Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims that

---

[2] The complaint names five medical staff members as John/Jane Doe defendants. As noted above, the complaint contains factual allegations against three of these defendants: a white male nurse with blonde hair, a white female nurse with red hair, and a white older male doctor. The complaint also names two additional unidentified defendants: John Doe mental health staff and Jane Doe supervisor. (*See* Doc. 1-1, Complaint at PageID 24). It appears that claim five is directed toward the Jane Doe supervisor, which plaintiff indicates has a last name of Goodman. Attached to the complaint is an Informal Complaint Resolution signed by Goodman. (*Id.* at PageID 18). For the reasons stated above, plaintiff's claims against this individual should be dismissed. Absent any factual allegations against the remaining John Doe defendant, the complaint should also be dismissed against this defendant.

defendant Jane Doe failed to investigate or take corrective action should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, plaintiff may proceed in this action with his excessive force claim against defendant J. Neff and his failure to protect claims against Nurse Teresa Hill and the three John and Jane Doe defendants. However, plaintiff has failed to provide service copies of the complaint, summons and U.S. Marshal forms for service. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a copy of the complaint and completed summons and U.S. Marshal form for defendants J. Neff and Nurse Teresa Hill. Once the Court receives the requested forms and service copies, the Court will order service of process by the United States Marshal.

With respect to the John and Jane Doe defendants, plaintiff must file a motion to issue service setting forth the identity of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendant unless plaintiff complies with this Order.

Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), except for plaintiff's excessive force claim against defendant J. Neff and his failure to protect claims against defendants Teresa Hill and the three John and Jane Doe defendants.

2. Because this case and Case No. 1:21-cv-141 involve common questions of law and

fact, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a). The Clerk of Court should be **DIRECTED** to file the complaint in this action as a supplemental complaint in Case No. 1:21-cv-141 and add J. Neff, Teresa Hill, and the three unnamed John/Jane defendants as defendants in Case No. 1:21-cv-141.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant J. Neff and Teresa Hill. Once the Court receives the requested summons and United States Marshal form, the Court will order service of process by the United States Marshal.

2. Plaintiff file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed John and Jane Doe defendants through discovery.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>    Plaintiff, | Case No. 1:21-cv-155 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| TERESA HILL, et. al,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).